IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BECKY GARNER,

    Petitioner,

v.                                                                            No. 13-1208

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER ALLOWING
SUBSTITUTION OF COUNSEL
_____

On July 5, 2013, attorney, Russell Larson, filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 on behalf of Petitioner, Becky Garner. (Docket Entry ("D.E.") 1.) In a § 2255 proceeding, the Court has the discretion to appoint counsel, 28 U.S.C. § 2255(g), the prisoner may proceed pro se, or she may hire counsel, *see Allen v. United States*, No. 1:11-cv-378, 2015 WL 418182 (E.D. Tenn. Feb. 2, 2015) (petitioner hired independent counsel to file for post-conviction relief pursuant to § 2255). While many petitioners proceed pro se, Garner opted to exercise her right to hire counsel. The procedural history of this case and the docket reflect a lack of communication between Garner and her retained attorney. For instance, on May 21, 2014, Garner called the Clerk's office "seeking information about the documents filed in her case[,] as she wasn't aware" of certain documents. (D.E. 11.) Garner herself filed notices and letters with the Court rather than through her attorney. (*See* D.E. 9, 19, 26.) Petitioner had to refile a signed copy of her § 2255 petition personally to avoid dismissal for failure to prosecute, despite her attorney being aware of the deficiency. (*See* D.E. 15.)

Indeed, this Court entered a show cause order directing Attorney Larson as to why he should not be held in contempt for failing to comply with multiple court orders. (*Id.*)

Although the Court denied Larson's motion to withdraw as counsel on July 24, 2014, the reasoning was to avoid further delay in obtaining a "complete copy of the amended [§ 2255] Motion." (D.E. 18.) On August 20, 2014, the amended Motion was filed with the Court (D.E. 20); accordingly, that concern has become moot. On August 15, 2014, Garner wrote to the Court requesting a reconsideration of its denial of counsel's motion to withdraw, explaining that he filed the amended Motion without Garner's review or approval and detailing the difficulties she has faced thus far while having him as her attorney. (D.E. 19.) Local Rule 83.5 provides that "withdrawal will not be allowed if withdrawal will delay the trial of the action." Permitting Larson to withdraw at this time would not pose a threat of delay. *See Santosuosso v. United States*, 74 F.3d 1240 (Table), 1996 WL 15631, at *2 (6th Cir. Jan. 16, 1996) (petitioner changed attorneys of record after filing an amended § 2255 petition). Based upon the record, it is clear Petitioner desires to dismiss her counsel, and currently, it would not delay the case. As such, the Court GRANTS Garner's request to substitute counsel, and ORDERS her to inform the Court, within thirty days of this order, of either the name of her new counsel or whether she will proceed pro se.

IT IS SO ORDERED this 19th day of November 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE