IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BECKY GARNER,

    Petitioner,

v.                                                                                                     No. 13-1208

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER TO SHOW CAUSE WHY CLAIM SHOULD NOT
BE DISMISSED FOR FAILURE TO PROSECUTE
_____

On July 5, 2013, attorney, Russell Larson, filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 on behalf of Petitioner, Becky Garner. (Docket Entry ("D.E.") 1.) In a § 2255 proceeding, the Court has the discretion to appoint counsel, 28 U.S.C. § 2255(g), the prisoner may proceed pro se, or she may hire counsel, *see Allen v. United States*, No. 1:11-cv-378, 2015 WL 418182 (E.D. Tenn. Feb. 2, 2015) (petitioner hired independent counsel to file for post-conviction relief pursuant to § 2255). While many petitioners proceed pro se, Garner opted to exercise her right to hire counsel. The procedural history of this case and the docket reflect a lack of communication between Garner and her retained attorney. For instance, on May 21, 2014, Garner called the Clerk's office "seeking information about the documents filed in her case[,] as she wasn't aware" of certain documents. (D.E. 11.) Garner herself filed notices and letters with the Court rather than through her attorney. (*See* D.E. 9, 19, 26.) Petitioner had to refile a signed copy of her § 2255 petition personally to avoid dismissal for failure to prosecute, despite her attorney being aware of the deficiency. (*See* D.E. 15.)

Indeed, this Court entered a show cause order directing Attorney Larson as to why he should not be held in contempt for failing to comply with multiple court orders. (*Id.*)

Although the Court denied Larson's motion to withdraw as counsel on July 24, 2014, the reasoning was to avoid further delay in obtaining a "complete copy of the amended [§ 2255] Motion." (D.E. 18.) On August 20, 2014, the amended Motion was filed with the Court (D.E. 20, 23); accordingly, that concern has become moot. Then, on August 15, 2014, Garner wrote to the Court requesting a reconsideration of its denial of counsel's motion to withdraw, explaining that he filed the amended Motion without Garner's review or approval, the fact that he failed to include a memorandum of law with the amended Motion, and detailing the difficulties she has faced thus far while having him as her attorney. (D.E. 19.) Based upon the record, the Court granted Garner's request and allowed for the substitution of counsel. (D.E. 27.) The Court ordered her to inform the Court, within thirty days, of either the name of her new counsel or whether she will proceed pro se. (*Id.*)

On December 18, 2015, Jeff Mueller entered a notice of appearance with the Court on behalf of Garner. (D.E. 29.) Since this time, however, no memorandum of law has been filed in connection with the amended § 2255 Motion. Thus, as it appears she has chosen not to pursue her case, Petitioner is hereby directed to show cause, within eleven (11) days of the entry of this order, why her claims against Respondent should not be dismissed for failure to prosecute in accordance with Rule 41 of the Federal Rules of Civil Procedure. Plaintiff is advised that failure to file a sufficient and timely response to this directive may result in dismissal of the claims.

IT IS SO ORDERED this 14th day of June 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE